UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| BLACKROCK GLOBAL ALLOCATION FUND, INC., et al., <br><br> Plaintiffs, <br> v. <br> TYCO INTERNATIONAL LTD., et al., <br><br> Defendants. | 08-CV-01339-PB <br><br> MDL 1335 |

### AGREED ORDER AND FINAL JUDGMENT OF DISMISSAL AGAINST DEFENDANTS TYCO INTERNATIONAL LTD., TYCO ELECTRONICS LTD., COVIDIEN LTD., COVIDIEN (US), AND BAR ORDER

Plaintiffs Blackrock Global Allocation Fund, Inc., Blackrock Mid Cap Value Opportunities Fund, Blackrock Global Technology Fund, Inc., Blackrock World Index Series, Blackrock Global Allocation Fund, Inc. As Successor In Interest To Blackrock Global Balanced Fund, Master Large Cap Core Portfolio, Blackrock Large Cap Core Portfolio Master As Successor In Interest To Merrill Lynch Disciplined Equity Fund, Equity Index Trust Series Master, Master S&P 500 Index Series, Blackrock Global Technology Fund, Inc. As Successor In Interest To Merrill Lynch Internet Strategies Fund, Blackrock Series Fund, Blackrock Global Allocation Portfolio, Master Enhanced S&P 500 Series, Blackrock Variable Series Funds, Inc., Blackrock Global Allocation V.I. Fund, Blackrock Variable Series Funds, Inc., Blackrock S&P 500 Index Fund, Blackrock Large Cap Value Fund As Successor In Interest To Blackrock Large Cap Value Equity, Blackrock Large Cap Core Fund As Successor In Interest To Blackrock Investment Trust Portfolio, Blackrock Large Cap Value-SSR Test As Successor In Interest To SSR Large Cap Val EQ, Blackrock Select Equity/(Investment Trust) SSR-Inv Trust Test As Successor In Interest To SSR Invest Trust JW, Blackrock Capital Appreciation Portfolio As Successor In Interest To SSR Legacy EQ, Blackrock Asset Allocation Portfolio (Large Cap

Growth) As Successor In Interest To SSR Asset Allocation LCG; Merrill Lynch U.S. Dynamic Fund, Blackrock Institutional Equity Funds North American Fund, Merrill Lynch International Investment Funds U.S. Equity Fund; Merrill Lynch Institutional FCP Global Equity Exjapan Fund, Merrill Lynch International Investment Funds Global Fund Value; DC American Growth Fund, MLIIF Global Equity Diversified Fund, Merrill Lynch Global Equity Fund, Merrill Lynch Balanced Portfolio Fund, Merrill Lynch Global Balanced Fund, and MLIT Specialist International North America Fund and Defendants Tyco International Ltd., Tyco Electronics Ltd., Covidien Ltd. and Covidien (U.S.) (each of them a "Settling Party" and collectively, the "Settling Parties"), having represented to the Court that they have entered into a settlement agreement that resolves all issues between and among them in the Complaint, and for good cause shown, the Court ORDERS:

    1.    Pursuant to Section 21D(f)(7)(A) of the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(f)(7)(A): (a) defendants L. Dennis Kozlowski, Mark H. Swartz and Frank E. Walsh, Jr. (collectively, the "Non-Settling Defendants"), and each of them, are hereby permanently barred, enjoined, and restrained from commencing, prosecuting, or asserting any claim for or otherwise seeking contribution against any Settling Party based upon, relating to, or arising out of the subject matter, allegations, transactions, facts, matters, occurrences, representations or omissions alleged, involved, set forth or referred to in the Complaint in this suit; and (b) except as provided in paragraph 5(c) of the accompanying Settlement Agreement and Release, each Settling Party is hereby permanently barred, enjoined, and restrained from commencing, prosecuting, or asserting any claim for or otherwise seeking contribution for any amount paid in connection with this action against any other person based upon, relating to, or arising out of the subject matter, allegations, transactions, facts, matters, occurrences,

representations or omissions alleged, involved, set forth or referred to in the Complaint in the suit.

2. Because there is no just reason for the delaying the entry of a final judgment with respect to the claims asserted by Plaintiffs against the Settling Parties, all claims asserted by Plaintiffs against the Settling Parties in the Complaint are DISMISSED WITH PREJUDICE pursuant to Federal Rule of Civil Procedure 54(b). This action is not dismissed with respect to any claims against the Non-Settling Defendants.

3. The Clerk is directed to enter this Agreed Order and Final Judgment of Dismissal against Defendants Tyco International Ltd., Tyco Electronics Ltd., Covidien Ltd. and Covidien (U.S.) and Bar Order as a final judgment and send a copy of same to all counsel of record.

IT IS SO ORDERED.

Enter: 07/14/2009

/s/ Paul Barbadoro
The Hon. Paul Barbadoro
United States District Judge

We ask for this:

/s/ Edward A. Haffer
Edward A. Haffer, Esq.
N.H. Bar #1052
SHEEHAN PHINNEY BASS & GREEN, P.A.
1000 Elm Street, 11th floor
Manchester, NH 03101

Elizabeth F. Edwards, Esq.
MCGUIREWOODS LLP
One James Center
901 East Cary Street
Richmond, VA 23219

*Counsel for Tyco International Ltd., Tyco Electronics Ltd., Covidien, Ltd. and Covidien (U.S.)*

/s/ Edward A. Haffer for
Steven E. Fineman, Esq.
Daniel P. Chiplock, Esq.
Michael Miarmi, Esq.
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY 10013

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I certify that copies of the foregoing were served this date on the attached Service List through ECF or by mail for those on the list who do not have an ECF Registration.

/s/ Edward A. Haffer
Edward A. Haffer